The next case for oral argument this morning is United States v. Whiteside, 22-2482. Good morning, Mr. Moyers. Good morning, Judge. May it please the court, the district court erred when it imposed a sentence on Mr. Whiteside based on allegations that the government declined, decided not to bring at the revocation hearing. Based only, and the court did this, based only on the allegations in the 12C, the report for violations of an offender under supervision. Now, why does this matter? Well, as we bring it, as the defense points out, or the appellant points out, in his two briefs, there are essentially two problems here. The first is, to what extent is it okay or is it permissible for the judge to make evidentiary findings based only on the affidavit of the probation officer? You don't dispute, though, that courts can rely on reliable hearsay when making a revocation determination? Yeah, and I think that... Or do you? Right, no, because I think this court can decide this case without upsetting that principle, because sentencing revocations, the rules of evidence are a lot less lax, and also the procedures aren't as formalized. But I would point out is that why affidavits are different is because when it's from, or I should say affidavits from probation officers, it's an affidavit from somebody who works for the judge. So is it your position that courts can never rely on affidavits from probation officers at revocation hearings? Because that seems inconsistent. I don't think you can. Yeah, I don't think you can, and I'll tell you why. The problem it presents is probation officers are an arm of the court, and to deputize them or allow the 12C, which includes both facts and law, to govern the case, I don't see how deputizing a probation officer... But it's not really deputizing. The court is making a determination on everything before the court by a preponderance of the evidence standard to determine if there's a basis to revoke, or even some issues beyond a reasonable doubt, if there's a basis to revoke. I guess my response, then, is I don't see it should trouble the court to have... I don't think it should be enough for the court to evaluate the factual allegations in an affidavit and say, I can make a preponderance finding about whether this violation happened or not. First of all, I think there should be a hearing in any case. But there was a hearing here. But I guess the hypothetical, I guess, how does this help my client, or how does this rule here help my client, is I don't think that the petitions factual allegations can stand on their own as evidence, because it would seem... Well, I guess there are two problems here. Let's take a step back, please, Mr. Morris, before we go too far into the substance. Sure. Why haven't you waived or forfeited this argument by not challenging it below, before the district court? I guess I can just describe how it went for me and my friend, Mr. Elkrisma, at that hearing, is the hearing was 23 minutes in total. The judge, I'd assumed after the government finished describing what allegations it was pursuing and what it thought the disposition would be, that we went, the defense went, and then the judge just gets into his sentence. The defense went. Let's get back to the defense went. And when the defense went, you didn't say to the court, Your Honor, I object to you relying on this affidavit because it's unreliable. In fact, you said that you weren't going to say anything because, quote, we're saving our powder, I guess, for the actual state case. Yes. Telling the court... We can't... You've got a criminal prosecution in the state pending, and you're not going to comment one way or the other on this. That is not an objection to the reliability of the probation officer's affidavit. Yeah. I guess how I would respond is, you know, I served as a federal defender for 10 years, and I've been in this court, the Western District, for a long time. I'd never had a case where the government didn't bring all the allegations or brought a subset of the allegations that were in the 12C. And then I've never had the judge reach back then and say, Well, I'm still going to find that there were, you know, I'm still going to find that there were, these allegations are supported by the affidavit. That surprises me a bit because I have seen, on many occasions, probation officers in the government just resting on the submission by the probation officer and the defendant addressing it. But regardless, you had a copy of the probation officer's revocation petition, you knew what was in the affidavit, you knew you were there for a revocation hearing, and you never said, Hold on, Your Honor, you can't consider this, it's unreliable hearsay. So why, at a minimum, shouldn't we be reviewing this for plain air? I mean, I think we would succeed under either standard because I think to anybody who went to the hearing and watched it objectively would be, I think they'd be surprised that this, you know, these allegations that no one had really talked about, and I just sort of, you know, we each sort of mentioned in passing, becomes the driving force behind the sentence. And I guess, and I guess this is the empirical point, I guess if, I understand that other districts, you probably see as many different supervised release procedures as there are districts or judges, right? And the point here isn't to constrain that or ask you to come up with a new rule. The point here is there, it should trouble a court when the actions, I guess more broadly, the actions of one branch can put somebody in prison. Because usually we need two. You're into rebuttal time. If you want to hold it, Mr. Moyers. Yeah, I think I'm good. Okay. All right. Thank you. Thank you. Good morning. Good morning, Your Honors, and may it please the court. My name is Chad Elgersman. I'm an assistant U.S. attorney from the Western District of Wisconsin. I represent the United States in this matter. I think as Your Honor noted, the defendant didn't object during the hearing. And as a result, he made a strategic decision to focus his arguments not on objecting to his Fifth Amendment due process argument, but instead focusing on advocating for a lesser sentence. How do you respond to Mr. Moyers' argument that he was blindsided by this procedure because this is not the practice in the district to address something just based solely on affidavits? Your Honor, I don't think he was blindsided. He certainly had advance notice of the 12C. The defendant knew in advance, well in advance, of the combined revocation and sentencing hearing that this could be a factor to consider. And the judge understood the reliability of the information in the affidavit. Is it accurate that this is not the procedure that's normally followed in that district? Your Honor, I don't see every case, but the judge has relied on information in the affidavit before. The judge has relied on hearsay information. Can you tell me, because this is a continuation of a revocation hearing that started in February, and the judge, in essence, says, we're going to leave disposition open for 90 days to see if you can turn it around, in essence. And so while out during these 90 days, there are additional violations. In the hearing in August, or what I'm calling the continuation of the revocation hearing, where before the disposition does the judge put the defendant on notice that I am considering now new violations? In particular, I am considering the state case. The district court judge? Yes. When the 12C is filed, everybody is put on notice that that is new information that is being presented to the judge. New allegations that the judge can consider, whether it's the basis for the revocation. I know that he can consider it. My question is more direct than that. Where before gives his ruling, does he say, I am going to, because the state makes it clear. We're not putting forth any evidence on the state case. We're not putting that charge before the court. And so where before the disposition is the defendant put on notice that the judge is considering that evidence based on the affidavit? I think if you look at page five of the defendant's appendix, that's the transcript. He expressly or explicitly asks the defendant for his position on the new allegations. So the new allegations that are in these, it would be the second amended. 12 second amended petition to 12C. And that's when the defendant states that he is not going to, that he's not stipulating to those facts. The judge proceeds to ask the defendant for his position on sentencing. And the defendant gives two options. Gives the option to the judge. Your Honor, if you're going to consider the new allegations, so if you're going to consider the information that's listed in 12C, then a sentence of 18 months in prison makes sense. It's understandable. So he opened the door to the judge, at least considering those new allegations. And how did the judge respond? The judge at sentencing actually went that direction. So the judge considered the information in the 12C and considered the new allegations. Now, precisely when that statement was made by the defense counsel, what was the judge's reaction? I don't think there's a reaction in the record, Your Honor, at that particular moment. My problem with your argument, just so that you can respond, is that if you read that whole hearing from beginning to end, you get the distinct impression that everybody in that courtroom, with the possible exception of the judge, thought that the state matter was off the table. Your Honor, I respectfully disagree with that, because the United States, when it was proffering its evidence, specifically mentioned the new charges in the 12C. So it mentioned the fact that the defendant had been arrested and charged in state court, and then it went through and explained what the specific charges were. I'm talking about taking the record as a whole. Did anyone think, besides the judge maybe in the back of his mind, undisclosed, that he was going to take that state matter into consideration? Your Honor, the government certainly did proffer it as a potential reason. Did you argue it? No, Your Honor, no. Was the argument focused on the reason why we're—I know we had recommended 12 months, the government says, back in February, but really it should be elevated up to 18 months, because when he was in court in February, he was untruthful about his employment status. I'm sorry, can you rephrase that question, Your Honor? The reasoning—what was the reasoning—let's try it this way—what was the reasoning given for the government going from the recommendation of 12 months in February to that of 18 months? What you saw was a pattern of continued violations, and the 12C did outline his arrest and the facts that supported it. So, based on the egregious nature of the further violations, the government thought an additional six months was appropriate. That's why it asked for an additional six months, so for 18 months total. But, Your Honors, the defendant ultimately waived his argument, because he did have an opportunity to object. He chose not to do that, and instead, as the judge pointed out, he decided to save his powder for the state criminal case. Wouldn't he have done that if he believed that the state case wasn't on the table, was not being considered? There was no reason for him to provide any testimony regarding the state case. But he should have at least notified the judge that, Your Honor, you're asking me for information about what's in the 12C, and respectfully, I object to that. I don't think that it should be used in the court's consideration. So, when he made that strategic decision, United States v. Cooper, United States v. Scott, United States v. Brody all tell us that when you make a strategic decision to focus in one area, and you decide to forego arguments in another area, you're prohibited from raising those arguments on appeal. Your Honors, if there are no other questions, the government rests on its written submission. Thank you. Mr. Moyers. Yes, I want to bring up, I guess, hopefully it'll just be two things. The first is, at least as it goes to waiver or bringing up the argument, I don't see how the defense could have responded to allegations that weren't developed or there wasn't testimony to. It's difficult to shadow box against allegations where you haven't gotten into it. I mean, that's why we have the adversarial process, because we want ideas to come up against each other, factual disputes to come up against each other. And here, we didn't get a full look at that before we got to choose. And I think the question that Jeff Pryor brought up is, well, what would the defendant have done? What would he have done differently? And I think the answer is, we don't know. Normally, I would say, you've got to be quiet. My advice might be, don't talk about anything. Your exposure here on the state case is not worth haggling over a relatively small amount of supervised release revocation. But we don't know here what he would have said, because we weren't presented with that situation. If there are no more questions, then I'll submit it. Thank you. Thank you, Mr. Morris. And you're appointed counsel in this case, is that correct? Correct. Thank you for your assistance to your client and to the court. The case will be taken under advisement.